RECEIVED
NOV 12 2020
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

United States District Court for the Northern District of Mississippi

| Ronnie Montgomery, Plaintiff | |
|---|---|
| vs. | Case# 3:20cv 298-MPM-JMV |
| American Postal Worker Union (APWU); National Business Agent (NBA) John Gearhart (Official and personal capacity); APWU Local # 96; APWU Local #96 Executive Board; Jane & John Doe 1-20[1] (Official and personal capacity), Defendants | Jury Requested |

## CAUSE OF ACTION

This employment discrimination lawsuit is brought under:

(x) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin.

(x) Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age. My year of birth is: (1965).

(x) Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

(x) Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of a disability.

(x) Other: The Privacy Act.

(x) Other: National Labor Relation Act

(x) Other: USERRA

This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## STATEMENT OF CLAIM

| CLAIM | DATE (S) OF OCCURRENCE | PLACE OF OCCURRENCE |
|---|---|---|
| () failure to hire me | | |
| () termination of my employment/non-work status/enforced leave | | |
| () failure to promote me | | |
| (x) failure to accommodate my disability | January 2019 | Southaven, MS |

1   All unidentified defendants to includes any Local#96 executive board members will be identified thru discovery.

Page: 1 of 4

|  | June 2019<br>08-18-2020<br>10-13-2020 |  |
|---|---|---|
| (x) terms and conditions of my employment differ from those of similar employees | January 2019<br>June 2019<br>08-18-2020<br>10-13-2020 | Southaven, MS |
| (x) retaliation | January 2019<br>June 2019<br>08-18-2020<br>10-13-2020 | Southaven, MS |
| (x) harassment | January 2019<br>June 2019<br>08-18-2020<br>10-13-2020 | Southaven, MS |
| (x) other: Military animus | January 2019<br>June 2019<br>08-18-2020<br>10-13-2020 | Southaven, MS |
| () other: |  |  |
| () other: |  |  |
| () other: |  |  |
| () other: |  |  |

The conduct of Defendant(s) was discriminatory because it was based on (check only those that apply):
(x) race (x) color () religion (x) sex () national origin (x) disability (x) age (year of birth: 1965)

## FACTS

1. The plaintiff denied reasonable accommodation as a union steward and accommodation offered is unreasonable.
2. Intimidation for requesting a meeting to union officials to discuss my rights and need for reasonable accommodation.
3. The APWU and APWU#96 does not have procedure or policy to determine reasonable accommodation.
4. The president of APWU#96 is a non-medical authority who does have medical authority to dispute the plaintiff medical conditions as a disability.
5. APWU#96 admit similar situated employee was provide computer for union duties.
6. APWU did not provide evidence of a hardship in order to deny accommodation.
7. Preforming union duties on personal time aggravated pre-existing medical conditions.
8. The retaliated by the failure to communicate with the plaintiff once it became of medical limitation.
9. The APWU has retaliated and failed to process grievances which the plaintiff filed as a union steward in which the plaintiff is the grievant in a timely fashion, whereas grievances are more than four (4) to five

Page: 2 of 4

(5) years old.

10. Reprisal, race, age and protected activity maybe the determining factor in processing grievances at Step 3 and/or arbitration.

11. Disclosure of medical information to non-medical authorities/co-workers.

12. Retaliation and failure to providing assistance for reporting an on the job injury without claim input.

13. Retaliation and threat of taking away my right and benefits of being a union steward.

14. Retaliation by denying reasonable accommodation aggravates pre-existing conditions that required the plaintiff do to union work of his personal time.

15. Retaliation by the failure to provide a computer, etc to ensure the plaintiff can perform his duties as a steward during normal work hours (0630 am to 1500 pm) like similar situated steward without any hardship.

16. MTAL President Melvin Richardson opening plaintiff mail without his consent or knowledge which has adverse effect of the plaintiff duties as a union steward per Article 15.

17. Failure to provide accommodation as a union steward/union employee because I am a disabled veteran and filing disputes for protection provided by USERRA.

18. Plaintiff duty as a steward require him to login to electronic grievance systems to upload documents and file grievances by the use of the internet.

19. The defendant has failed to scheduled meeting on behalf of the plaintiff's to discuss unsafe and hostile working conditions at labor management meeting with the US Postal Service at the plaintiff request.

20. MTAL president Melvin Richardson mandated he be in the meeting the plaintiff requested to meet with other officers to discuss working conditions and his right to reasonable accommodation as a steward and union member that was denied by Richardson.

21. National Business Agent John Gearhart refused to give a supporting witness statement for a grievance in reprisal for the plaintiff filing internal union charges against him.

22. National Business Agent John Gearhart refused to give a supporting witness statement for a grievance once the plaintiff advise him he must give a electronic statement by email due to the plaintiff disability and right to reasonable accommodation as a steward and union member.

23. Collective bargaining agreement allows and require the plaintiff's to perform all union duties on postal time which require the union to provide access to union computer, etc while on postal time.

24. MTAL President Melvin Richardson threaten to take away the plaintiff's stewardship.

25. Reprisal by refusal to make correction (adding State Tax-ID number) to W2.

## ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal or state agency?

(x) Yes *(You must attach a copy of the charge to this complaint.)*

() No

Have you received a Notice of Right to Sue from the EEOC?

(x) Yes *(You must attach a copy of the Notice of the Right to Sue.)*

() No

## RELIEF

Page: 3 of 4

The relief I want the court to order is (check only those that apply):

() Direct the defendant to hire the plaintiff

() Direct the defendant to re-employ the plaintiff

() Direct the defendant to promote the plaintiff.

() Direct the defendant to reasonably accommodate the plaintiff's religion

() Direct the defendant to reasonably accommodate the plaintiff's disabilities

(x) Direct the defendant to (*specify*): To process grievance in timely manner without bias or prejudice

(x) Direct the defendant to (*specify*): Provide damages for willful employment discrimination

(x) Direct the defendant to (*specify*): Compensation over $10,000 with interest for the reimbursement of cost for processing grievance on personal time without a union computer and provide a computer for union duties.

(x) Direct the defendant to (*specify*): Establish a policy or procedures for accommodation for disabled union members for APWU & APWU#96

(x) Direct the defendant to (*specify*): Compensation over $50,000 with interest from individuals

(x) Direct the defendant to (*specify*): Compensation over $300,000 with interest from APWU

(x) Direct the defendant to (*specify*): Compensation over $300,000 with interest from APWU#96

(x) Direct the defendant to (*specify*): Prohibit defendant from opening plaintiff mail sent to him as a union steward.

(x) Direct the defendant to (*specify*): Prohibit intimidation for wanting to meet with other officers to discuss working conditions, etc.

## CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Ronnie Montgomery, Plaintiff's, Pro-Se

_____  11-12-2020
Signature/Date

Page: 4 of 4